# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLARD SANTOS, | 1:08-cv-00137 OWW DLB HC |
|         Petitioner, | FINDINGS AND RECOMMENDATION REGARDING PETITION FOR WRIT OF HABEAS CORPUS |
|   v. | |
| D. SMITH, | [Doc. 1] |
|         Respondent. | |

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

Petitioner filed the instant petition for writ of habeas corpus on January 28, 2008. Petitioner is currently detained at the United States Penitentiary in Atwater, California. Petitioner states that he was convicted in the District Court in Tampa, Florida on January 25, 2000. (Petition, at 3.) Petitioner appealed his conviction to the United States Court of Appeals for the Eleventh Circuit, which was denied on October 20, 2000. (Id.) Petitioner also states that he filed a section 2255 motion in the United States District Court for the Middle District of Florida, which was denied on October 20, 2004. (Petition, at 6.)

In the present petition, Petitioner contends that there was a due process violation resulting in the conviction of an innocent man. (Petition, at 6.)

## JURISDICTION

1   A federal prisoner who wishes to challenge the validity or constitutionality of his
2   conviction or sentence must do so by way of a motion to vacate, set aside, or correct the sentence
3   under 28 U.S.C. § 2255. Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir.1988); Thompson v.
4   Smith, 719 F.2d 938, 940 (8th Cir.1983); In re Dorsainvil, 119 F.3d 245, 249 (3rd 1997);
5   Broussard v. Lippman, 643 F.2d 1131, 1134 (5th Cir.1981). In such cases, *only the sentencing*
6   *court has jurisdiction*. Tripati, 843 F.2d at 1163. A prisoner may not collaterally attack a federal
7   conviction or sentence by way of a petition for a writ of habeas corpus pursuant to 28 U.S.C. §
8   2241. Grady v. United States, 929 F.2d 468, 470 (9th Cir.1991); Tripati, 843 F.2d at 1162; see
9   also United States v. Flores, 616 F.2d 840, 842 (5th Cir.1980).

10   In contrast, a federal prisoner challenging the manner, location, or conditions of that
11   sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241.
12   Capaldi v. Pontesso, 135 F.3d 1122, 1123 (6th Cir. 1998); United States v. Tubwell, 37 F.3d
13   175, 177 (5th Cir. 1994); Kingsley v. Bureau of Prisons, 937 F.2d 26, 30 n.5 (2nd Cir. 1991);
14   United States v. Jalili, 925 F.2d 889, 893-94 (6th Cir. 1991); Barden v. Keohane, 921 F.2d 476,
15   478-79 (3rd Cir. 1991); United States v. Hutchings, 835 F.2d 185, 186-87 (8th Cir. 1987);
16   Brown v. United States, 610 F.2d 672, 677 (9th Cir. 1990).

17   In this case, Petitioner is challenging the validity and constitutionality of his sentence
18   rather than an error in the administration of his sentence. Therefore, the appropriate procedure
19   would be to file a motion pursuant to § 2255 and not a habeas petition pursuant to § 2241.

20   In rare situations, a federal prisoner authorized to seek relief under § 2255 may seek relief
21   under § 2241 *if* he can show the remedy available under § 2255 to be "inadequate or ineffective
22   to test the validity of his detention." United States v. Pirro, 104 F.3d 297, 299 (9th Cir.1997)
23   (quoting § 2255). Although there is little guidance from any court on when § 2255 is an
24   inadequate or ineffective remedy, the Ninth Circuit has recognized that it is a very narrow
25   exception. Id; Aronson v. May, 85 S.Ct. 3, 5 (1964) (a court's denial of a prior § 2255 motion is
26   insufficient to render § 2255 inadequate.); Tripati, 843 F.2d at 1162-63 (9th Cir.1988) (a
27   petitioner's fears of bias or unequal treatment do not render a § 2255 petition inadequate);
28   Williams v. Heritage, 250 F.2d 390 (9th Cir.1957); Hildebrandt v. Swope, 229 F.2d 582 (9th

Cir.1956). The burden is on the petitioner to show that the remedy is inadequate or ineffective. Redfield v. United States, 315 F.2d 76, 83 (9th Cir. 1963).

Although Petitioner indicates that he previously filed a § 2255 motion which was denied on October 20, 2004. (Petition, at 6.) Petitioner contends that he is actually innocent. The Ninth Circuit has held that section 2241 is available under the "escape hatch" of section 2255 "when a petitioner (1) makes a claim of actual innocence, and (2) has not had an 'unobstructed procedural shot' at presenting that claim. Stephens v. Herrera, 464 F.3d 895, 896 (9th Cir. 2006) (quoting Ivy v. Pontesso, 328 F.3d 1057, 1060 (9th Cir. 2003). Petitioner has not demonstrated that he did not have an unobstructed procedural shot at presenting his due process challenge to the sentencing court. Furthermore, Petitioner has not stated whether he has sought permission to file a successive § 2255 motion. It is possible that the motion would be granted in which case Petitioner would have another opportunity to present his claim in the proper forum. Thus, Petitioner has not shown that he did not have an "unobstructed procedural shot" at presenting his challenges to the sentencing court. Accordingly, the petition should be dismissed.

## RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. The petition for writ of habeas corpus be DISMISSED; and

2. The Clerk of Court be directed to enter judgment, terminating this action.

These Findings and Recommendations are submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Replies to the objections shall be served and filed within ten (10) court days (plus three days if served by mail) after

///

///

///

service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   February 25, 2008**                      **/s/ Dennis L. Beck**
                                              UNITED STATES MAGISTRATE JUDGE