1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

9   WILLARD SANTOS,                              1:08-cv-00137 OWW DLB HC

10                    Petitioner,               ORDER DENYING PETITIONER'S MOTION
                                                FOR RECONSIDERATION OF ORDER OF
11       v.                                     DISMISSAL

12                                              [Doc. 12]
     D. SMITH,
13
                      Respondent.
14   _____/

15

16       The instant petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241, was

17   dismissed and judgment was entered on April 11, 2008.  (Court Docs. 10, 11.)  Now pending

18   before the Court is Petitioner's motion for reconsideration, filed on April 24, 2008.  (Court Doc.

19   12.)

20       In his motion for reconsideration, Petitioner states that the Court did not address the

21   points of jurisdiction that he raised.  Petitioner's continues to challenge the constitutional validity

22   of his underlying conviction arising from the United States District Court in Tampa, Florida on

23   January 25, 2000.  (Petition, at 3.)

24       Federal Rule of Civil Procedure 60(b) governs the reconsideration of final orders of the

25   district court.  The rule permits a district court to relieve a party from a final order or judgment

26   on the grounds of: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly

27   discovered evidence . . . ; (3) fraud . . . of an adverse party; (4) the judgement is void; (5) the

28   judgment has been satisfied . . . ; or (6) any other reason justifying relief from the operation of

1

1  the judgment." Fed.R.Civ.P. 60(b).  The motion for reconsideration must be made within a

2  reasonable time, in any event, "not more than one year after the judgment, order, or proceeding

3  was entered or taken."  Id.

4        Motions to reconsider are committed to the discretion of the trial court.  Combs v. Nick Garin

5  Trucking, 825 F.2d 437, 441 (D.C. Cir. 1987); Rodgers v. Watt, 722 F.2d 456, 460 (9th Cir. 1983)

6  (en banc).  To succeed, a party must set forth facts or law of a strongly convincing nature to induce

7  the court to reverse its prior decision.  See e.g., Kern-Tulare Water Dist. v. City of Bakersfield, 634

8  F.Supp. 656, 665 (E.D. Cal. 1986), aff'd in part and rev'd in part on other grounds, 828 F.2d 514

9  (9th Cir. 1987), cert. denied, 486 U.S. 1015 (1988).  The Ninth Circuit has held that "[c]lause

10  60(b)(6) is residual and 'must be read as being exclusive of the preceding clauses.'"  LaFarge

11  Conseils et Etudes, S.A. v. Kaiser Cement, 791 F.2d 1334, 1338 (9th Cir. 1986), quoting Corex

12  Corp. v. United States, 638 F.2d 119 (9th Cir. 1981).  Accordingly, "the clause is reserved for

13  'extraordinary circumstances.'"  Id.

14        Petitioner fails to meet this standard.  Petitioner does not set forth any arguments or evidence

15  that have not already been considered by this Court.  Petitioner's arguments present no basis for

16  relief.  Accordingly, Petitioner's motion for reconsideration is DENIED.

17

18  IT IS SO ORDERED.

19  **Dated:   June 2, 2008**                    **/s/ Oliver W. Wanger**
                                          UNITED STATES DISTRICT JUDGE

20

21

22

23

24

25

26

27

28

2